Wood, C. J.
The first assignment for error has been left untouched by the arguments of counsel; for the reason, doubtless, that it was not supposed that it could be pursued with success. They are by no means mistaken in their opinion. If such were not our conviction, we should, however, without hesitation, reverse these proceedings. For, while in civil cases we are not astute, in searching for errors not expressly raised on the record, but consider our duty as discharged when we dispose of the case made by those who represent1 the parties in interest, in criminal prosecutions a different rule prevails. The Court, then, in the administration of criminal justice, are, at least, quasi counsel for the accused; and, in revising the proceedings of an inferior tribunal, will overlook no substantial defect in the record, though not expressly assigned, any more than permit on trial an improper conviction to be obtained by false issues presented through the forms of pleading, and by the unskillfulness of counsel. Though not relied upon by counsel, it furnishes no reason why the assignment under consideration should not receive a passing remark from us.
This question has before been raised upon the circuit, and for its correct solution we must refer to the statute, and, if the forms and spirit of the law have been pursued, it is believed to afford sufficient protection to secure the innocent from convic tion when accused, and this Court should be careful to devise no new modes of escape for the guilty, which will cheat the State of its victim and baffle the efforts at justice.
The statute provides for a challenge to the array when the jury is not summoned in obedience to its provisions; Swan’s Stat. 493; but the same act provides, that when by absence, sickness,1 challenge, or otherwise, there are none remaining of the regular pannel, the Court of Common Pleas may order the sheriff to return a jury of bystanders. This is precisely what was done in the case at bar. The pannel first summoned were not absent from sickness or challenge, it is true, but they were otherwise absent, having been duly discharged by the Court at a previous day in the term, doubtless because the accused or *223 the State was not ready to proceed with the trial, and another pannel selected from the bystanders. It is oftentimes convenient, and a saving of expense, that this authority should exist in the Court, and we think it is expressly conferred. It has been so held on the circuit.
The second assignment is, the admission of improper evidence to the jury, in general terms; but, as the third and fourth define particularly in what the objections consist, and ■embrace all the opinions of the Court covered by the exceptions which remain, when they are disposed of, the case is at an end. And first, as to the testimony of Dobbins: This witness was called to prove the scienter, or guilty knowledge of the accused. The note was, it is true, not passed by him, directly, in Detroit, but by Wood, in his presence, and for the joint benefit of both; and this fact tended to show that they were jointly engaged in a criminal enterprise. This note was counterfeit. It purported to have been issued by the same bank as the note described in the record on which the indictment in the case at bar was predicated, and it is no longer an open question whether the uttering and publishing of other counterfeit paper, about the same time, is competent evidence, as tending to prove a knowledge of the base character of that, for the passing of which, the accused is on trial. The authorities are numerous in favor of the legality of such testimony.
It is said, however, the note must be produced' on the trial, if in existence. There would be force in the argument, in other cases; in this, it has been answered by the Attorney General, that it is not the contents of the note, but its counterfeit character, that is the subject of inquiry, and, that, to let in such proof, the rules, as to primary and secondary evidence, do not apply. But if the note was in court, or, without great inconvenience and delay, could be produced, in our opinion, it should not be dispensed with. It would then afford to the accused the opportunity to contradict the proof, as to the character of the note — and it should be produced on the trial if within *224 the jurisdiction of the court and the reach of the prosecution. In the case at bar, such was not the fact. The note was in a foreign jurisdiction, if not destroyed, and there is no authority known to the law, by which its possession could have been obtained, and the evidence was, therefore, properly admitted. In 14 Ohio Rep. 467, the same question was raised, but the case was disposed of on other grounds.
The remaining assignment is, that the existence of the bank from which the notes purported to have been issued, was permitted to be proved by general reputation.
It has been decided by this Court, in 13 Ohio Rep. 453, that it is not necessary,to produce the charter of a foreign bank to prove its existence, in a prosecution against one for having in his possession forged and counterfeited bank notes; and this case, by analogy, may be considered as settled by that.
The existence of such corporation may be proved by one who, of his own knowledge, is acquainted with the fact, or by one who has seen or handled its notes, currently passing in the community as the notes of such an institution, or by general reputation; and there is, certainly, no subject on which general reputation is less likely to err, for any considerable period. But the rule springs from necessity, and the absolute impossibility of conviction, in frequent cases, without its adoption. Indeed, if it be not so, the counterfeiters of bills of distant banks may hold a general jubilee and set the laws at defiance.
Another point might have been made on the trial, which would have presented more difficulty — whether it was competent to the prosecution to prove the conviction of Wood in Michigan, by parol ? But no exception is taken to the admission of such proof.
The judgment and proceedings of the Court of Common Pleas, are affirmed.